UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD WILKERSON,
NATHANIEL BELL,
ANDREW KING,
RYAN SMITH, and
CHARLES CALICUTT

        Plaintiffs,

v.

        CIVIL ACTION
        NO. _____

        3:07-cv-162-4-25TEM

LOOP'S NURSERY &
GREENHOUSES, INC., and
RONALD UZZLE,

        Defendants.

_____/

### ORIGINAL COMPLAINT
### FOR DAMAGES, DECLARATORY RELIEF
### AND INJUNCTIVE RELIEF.

### PRELIMINARY STATEMENT

1. This is an action by migrant farmworkers Donald Wilkerson, Nathaniel Bell, Andrew King, Ryan Smith and Charles Calicutt to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq., the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq..

2.  Plaintiffs bring this action for unlawful actions of Defendants during 2003, 2004, and 2005 while they were employed on the nursery operations of Defendant Loop's Nursery & Greenhouses, Inc. in the area of Jacksonville, Florida on agricultural labor crews supervised by Defendant Ronald Uzzle.

3. In their employment by Defendants, Plaintiffs were denied important substantive protections of the Migrant and Seasonal Agricultural Worker Protection Act  ("AWPA"), 29 U.S.C. §§ 1801 et seq., including those afforded by the wage payment, working arrangement,  record keeping and wage statement provisions of that Act.  Furthermore, Plaintiffs Wilkerson and Bell bring claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201 et seq., for Defendants' failure to pay the minimum wage for their labor.   Finally, Plaintiffs Wilkerson and Bell bring claims under the Racketeer Influenced and Corrupt Organizations Act,  ("RICO"), 18 U.S.C. §§ 1961, et seq., for deprivations of their rights and damages suffered in the worker exploitation scheme operated by Defendant Uzzle of loan sharking and collection of unlawful debts.

4. The Plaintiffs seek declaratory and injunctive relief and compensatory and statutory damages to redress these violations of law.


## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854(a), this action arising under the AWPA; by 29 U.S.C. § 216(b), this action arising under the

2

FLSA;  by 18 U.S.C. § 1964(c), this action arising under the RICO;  by 28 U.S.C. § 1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. § 1331, this action arising under the laws of the United States.

6.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c); pursuant to 29 U.S.C. § 1854(a); and under 18 U.S.C. § 1965(a).

## PARTIES

### A. Plaintiffs

8.  Plaintiffs Donald Wilkerson, Nathaniel Bell, Andrew King, Ryan Smith and Charles Calicutt (hereafter "Plaintiffs"), are adult migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) and its implementing regulations, 29 C.F.R. § 500.20(p), in that at all times relevant to this action, each was employed in agriculture of a seasonal nature and was required to be absent overnight from his permanent place of residence.  At all times relevant to this action, the Plaintiffs were employed in the production of goods for sale in interstate commerce, as defined by the FLSA.  At all times relevant to this action, Plaintiffs Donald Wilkerson and Nathaniel Bell were each a person within the meaning of 18 U.S.C. § 1961(3).

## B. Defendants

9.  Defendant Loop's Nursery & Greenhouses, Inc. , (hereafter referred to as "Loop's Nursery" or "Loops"),  is a Florida corporation, at all times relevant to this action, licensed and authorized to do business within the State of Florida, with a principal place of business in Duval County, Florida.  Loop's Nursery is engaged in the production of horticultural produce in the Duval County area for sale in interstate commerce. At all times relevant to this action during 2003, 2004 and 2005, Loop's Nursery was an agricultural employer within the meaning of the AWPA in that it operated a nursery and employed Plaintiffs Donald Wilkerson, Nathaniel Bell, Andrew King, Ryan Smith and Charles Calicutt and other migrant or seasonal agricultural workers.  At all times relevant to this action during 2003, 2004 and 2005, Loop's Nursery was an employer or joint employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.  Defendant Ronald Uzzle, (hereafter Defendant "Uzzle"), is a resident of Elkton, Saint Johns County, Florida.  At all times relevant to this action Defendant Uzzle was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7),  in that, for a fee he recruited, solicited, hired, transported or furnished the Plaintiffs and other agricultural workers for agricultural employment. At all times relevant to this action, Defendant Uzzle was an employer or joint employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d). .  At all relevant times, Defendant Uzzle was a person within the meaning of 18 U.S.C. § 1961(3).

4

**COUNT I**

(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2002-2003 Season

11. This count sets forth a claim by Plaintiffs Nathaniel Bell, Andrew King, and Ryan Smith for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA by Defendant Loop's Nursery, and by Plaintiff Nathaniel Bell against Defendants Loop's Nursery and Ronald Uzzle, for violations of the AWPA during the 2002-2003 nursery season in the area of Duval County, Florida.

12. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 5 through 10 of this Complaint.

13. In 2002, Defendant Loop's Nursery engaged Defendant Uzzle to provide workers for their nursery operations in the area of Jacksonville, Duval County, Florida during the nursery season from September 2002 through August 2003, (herein referred to as the "2002-2003 season.") Under the terms of his agreement with Loop's Nursery, Uzzle promised to act as an agent for Loops, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide labor to care for the horticultural production of Loop's Nursery. Uzzle agreed to recruit and hire agricultural workers for Loop's Nursery, to transport those workers to and from Loop's job site on a daily basis, to provide time and wage records for the workers provided to Loops, and to distribute and pay wages, while making required deductions to the workers he furnished to Loop's Nursery. Loop's

5

Nursery paid Uzzle a fee for providing these and other services.

14.  In or about mid-March of 2003, Plaintiffs Nathaniel Bell, Andrew King and Ryan Smith were recruited and hired by Defendant Uzzle for labor on Loop's Nursery operations in the area of Jacksonville, Florida.   Uzzle promised these Plaintiffs employment with Loop's Nursery at gainful wages, implicitly guaranteeing payment of at least federal minimum wage of $5.15 an hour, with transportation and housing provided in their employment with Loops Nursery during the 2002-2003 season.  Plaintiffs Bell, King and Smith agreed to accept the Defendants' offer of employment and were employed on the operations of Loop's Nursery in the area of Jacksonville, Florida during the 2002-2003 season.

15.  The recruitment and hire of Plaintiffs Bell, King and Smith described in paragraph 13 were performed by Uzzle in his capacity as an agent of Loop's Nursery, which recruitment and hire were ratified by Loop's Nursery through its employment of Plaintiffs Bell, King and Smith during the 2002-2003 nursery season.

16.  Defendant Uzzle furnished Plaintiffs Bell, King, and Smith between mid-March 2003 and August 2003 for agricultural labor on the operations of Loop's Nursery in the area of Jacksonville, Florida.

17.  At the time of recruitment, Defendants Loop's Nursery and Uzzle failed to provide Plaintiff Smith with a written disclosure of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a).

18.  In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Loop's

6

Nursery and Uzzle failed to pay Plaintiffs Bell, King, Smith and Calicutt each his

wages when due. Among other things, Defendants Loop's Nurseries by Defendant

Uzzle and agents claimed illegal credits and charges against the wages of Plaintiffs

Bell, King, and Smith for "interest," (routinely at a rate of 100%), for claimed debts,

for items furnished on credit against wages and on other improper or unaccounted

grounds.

19. Defendants Loop's Nursery and Uzzle failed to make, keep, and maintain

records with respect to the labor of Plaintiffs Bell, King,  and Smith during the 2002-

2003 nursery season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and

attendant regulations, 29 C.F.R. § 500.80.  Among other things, these Defendants

failed to make and keep records accurately reflecting and itemizing the charges

imposed on Plaintiffs' wages for interest on advances of wages, for payments on

alleged debts, and for charges imposed on other unidentified grounds by Loop's

agent, Defendant Uzzle.

20. Throughout employment during the 2002-2003 nursery season,

Defendants Loop's Nursery and Uzzle failed to provide Plaintiffs Bell, King and

Smith, at the time of payment of wages, with accurate written statements setting

forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. §

1821(d)(2), and attendant regulations, 29 C.F.R. § 500.80.  What statements

Defendant Uzzle showed to these Plaintiffs regarding his wages routinely

misrepresented the wages paid and did not itemize the charges imposed on these

Plaintiffs' wages for interest, credits claimed and kickback payments required for alleged debts and credits claimed on other unidentified grounds by Defendant Uzzle and Defendants' agents.

21.    Over the course of employment with Defendants Loop's Nursery and Uzzle during the 2002-2003 nursery season, Plaintiffs Bell, King and Smith resided in housing at Uzzle's labor camp in Elkton, Florida, which was promised and provided as a benefit of employment with Defendants, and which was owned or controlled by Defendant Uzzle.

22. Throughout the period during the 2002-2003 nursery season that Plaintiffs Bell, King and Smith resided at the housing in Elkton, Florida promised by Defendants, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities were unsanitary, overcrowded and lacked adequate bathroom facilities for the number of occupants, in violation of the AWPA, 29 U.S.C. § 1823(a).

23.    In violation of the AWPA, 29 U.S.C. § 1822(c), Defendants Loop's Nursery and Uzzle violated their working arrangement with Plaintiffs Bell, King, and Smith by failing to provide the wages, housing and conditions of gainful employment promised to these Plaintiffs, as described in Paragraph 13.

24. All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

8

25.  The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

26.  As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiffs Bell, King, and Smith have suffered injuries and damages.

## COUNT II

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

### 2003-2004 Season

27.  This count sets forth a claim by Plaintiffs Nathaniel Bell, Charles Calicutt and Andrew King for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA by Defendant Loop's Nursery, and by Plaintiff Nathaniel Bell under the AWPA against Defendant Ronald Uzzle, during the 2003-2004 nursery season in the area of Duval County, Florida.

28.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 5 through 10 of this Complaint.

29.  In 2003, Loop's Nursery engaged Uzzle to provide workers for their nursery operations in the area of Jacksonville, Duval County, Florida during the nursery season from September 2003 through August 2004, (herein referred to as the "2003-2004 season.")   Under the terms of his agreement with Loops, Uzzle

promised to act as an agent for Loops, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide labor to care for the horticultural production of Loop's Nursery. Uzzle agreed to recruit and hire agricultural workers for Loop's Nursery, to transport those workers to and from Loops' job site on a daily basis, to provide time and wage records for the workers provided to Loops, and to distribute and pay wages, while making required deductions to the workers he furnished to Loop's Nursery. Loop's Nursery paid Uzzle a fee for providing these and other services.

30. In the fall of 2003, Plaintiffs Nathaniel Bell, Charles Calicutt and Andrew King were recruited and hired by Defendant Uzzle for labor on Loop's Nursery operations in the area of Jacksonville, Florida. Uzzle promised these Plaintiffs employment with Loop's Nursery at gainful wages, implicitly guaranteeing payment of at least federal minimum wage of $5.15 an hour, with transportation and housing provided in their employment with Loops Nursery during the 2003-2004 season. Plaintiffs Bell, Calicutt and King agreed to accept the Defendants' offer of employment and were employed on the operations of Loop's Nursery in the area of Jacksonville, Florida during the 2003-2004 season.

31. The recruitment and hire of Plaintiffs Bell, Calicutt and King described in paragraph 30 were performed by Uzzle in his capacity as an agent of Loop's Nursery, which recruitment and hire were ratified by Loop's Nursery through its employment of Plaintiffs Bell, Calicutt and King during the 2003-2004 nursery

season.

32.  Defendant Uzzle furnished Plaintiffs Bell, Calicutt and King between September 2003 and August 2004 for agricultural labor on the operations of Loop's Nursery in the area of Jacksonville, Florida.

33.  At the time of their respective recruitment for the 2003-2004 season, Loop's Nursery and Uzzle failed to provide Plaintiffs Bell, Calicutt and King with a written disclosure of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a).

34.  In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Loop's Nursery and Uzzle failed to pay Plaintiffs Bell, Calicutt and King each his wages when due.  Among other things,  Defendant Loops by Uzzle and its other agents claimed illegal credits and charges against the wages of Plaintiffs Bell, King, and Smith for "interest" (routinely at a rate of 100%), for claimed debts, for items furnished on credit against wages and on other improper or unaccounted grounds.

35.  Defendants Loop's Nursery and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiffs Bell, Calicutt and King during the 2003-2004 nursery season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. § 500.80.  Among other things, these Defendants failed to make and keep records accurately reflecting and itemizing the charges imposed on Plaintiffs' wages for interest on advances of wages, for payments on alleged debts, and for charges imposed on other unidentified grounds by Loop's

11

agent, Defendant Uzzle.

36. Throughout employment during the 2003-2004 nursery season, Defendants Loop's Nursery and Uzzle failed to provide Plaintiffs Bell, Calicutt and King at the time of payment of wages, with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. § 1821(d)(2), and attendant regulations, 29 C.F.R. § 500.80. What statements Defendant Uzzle showed to these Plaintiffs regarding his wages routinely misrepresented the wages paid and did not itemize the charges imposed on these Plaintiffs' wages for interest, credits claimed and kickback payments required for alleged debts and credits claimed on other unidentified grounds by Defendant Uzzle and  Defendants' agents.

37.  Over the course of employment with Defendants Loop's Nursery and Uzzle during the 2003-2004 season, Plaintiffs Bell, Calicutt and King resided in housing at Uzzle's labor camp in Elkton, Florida, which was promised and provided as a benefit of employment with Defendants, and which was owned or controlled by Defendant Uzzle.

38. Throughout the period during the 2003-2004 season that Plaintiffs Bell, Calicutt and King resided at the housing in Elkton, Florida promised by Defendants, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards.  Among other things, the facilities were unsanitary, overcrowded and lacked adequate bathroom facilities for the number of occupants, in violation of the AWPA, 29 U.S.C. § 1823(a).

39.   In violation of the AWPA, 29 U.S.C. § 1822(c), during the 2003-2004 season, Defendants Loop's Nursery and Uzzle violated their working arrangement with Plaintiffs Bell, Calicutt and King by failing to provide the wages, housing and conditions of gainful employment promised to these Plaintiffs, as described in Paragraph 30.

40.  All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

41.  The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

42.  As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiffs Bell, Calicutt and King have suffered injuries and damages.

## COUNT III

(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2004-2005 Season

43.  This count sets forth a claim by Plaintiff Donald Wilkerson for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA by Defendants Loop's Nursery and Ronald Uzzle, during the 2004-2005 nursery season in the area of Duval County, Florida.

44.  The Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 5 through 10 of this Complaint.

45.  In 2004, Loop's Nursery engaged Uzzle to provide workers for their nursery operations in the area of Jacksonville, Duval County, Florida during the nursery season from September 2004 through August 2005, (herein referred to as the "2004-2005 season.")   Under the terms of his agreement with Loops, Uzzle promised to act as an agent for Loops, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide labor to care for the horticultural production of Loop's Nursery.  Uzzle agreed to recruit and hire agricultural workers for Loop's Nursery, to transport those workers to and from Loops' job site on a daily basis, to provide time and wage records for the workers provided to Loops, and to distribute and pay wages, while making required deductions to the workers he furnished to Loop's Nursery.  Loop's Nursery paid Uzzle a fee for providing these and other services.

14

46.  In early 2005, Plaintiff Donald Wilkerson was recruited and hired by Defendant Uzzle for labor on Loop's Nursery operations in the area of Jacksonville, Florida.  Uzzle promised Plaintiff  Wilkerson employment with Loop's Nursery at gainful wages, implicitly guaranteeing payment of at least federal minimum wage of $5.15 an hour, with transportation and housing provided in his employment with Loops Nursery during the 2004-2005 season.  Plaintiff Wilkerson agreed to accept the Defendants' offer of employment and was employed on the operations of Loop's Nursery in the area of Jacksonville, Florida during the 2004-2005 season.

47.  The recruitment and hire of Plaintiff Wilkerson described in paragraph 46 were performed by Uzzle in his capacity as an agent of Loop's Nursery, which recruitment and hire were ratified by Loop's Nursery through its employment of Plaintiff Wilkerson during the 2004-2005 nursery season.

48.  Defendant Uzzle furnished Plaintiff Wilkerson between March 2005 and June 2005 for agricultural labor on the operations of Loop's Nursery in the area of Jacksonville, Florida.

49.  At the time of his recruitment for the 2004-2005 season at Loops, Loop's Nursery and Uzzle failed to provide Plaintiff Wilkerson with a written disclosure of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a).

50.  In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Loop's Nursery and Uzzle failed to pay Plaintiff Wilkerson his wages when due.  Among

other things, Defendant Loops by Uzzle and its other agents claimed illegal credits and charges against the wages of Plaintiff Wilkerson for "interest" (routinely at a rate of 100%), for claimed debts, for items furnished on credit against wages and on other improper or unaccounted grounds.

51. Defendants Loop's Nursery and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiff Wilkerson during the 2004-2005 season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. § 500.80. Among other things, these Defendants failed to make and keep records accurately reflecting and itemizing the charges imposed on Plaintiff Wilkerson's wages for interest on advances of wages, for payments on alleged debts, and for charges imposed on other unidentified grounds by Loop's agent, Defendant Uzzle.

52. Throughout employment during the 2004-2005 nursery season, Defendants Loop's Nursery and Uzzle failed to provide Plaintiff Wilkerson at the time of payment of wages, with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. § 1821(d)(2), and attendant regulations, 29 C.F.R. § 500.80. What statements Defendant Uzzle showed to this Plaintiff regarding his wages routinely misrepresented the wages paid and did not itemize the charges imposed on this Plaintiff's wages for interest, credits claimed and kickback payments required for alleged debts and credits claimed on other unidentified grounds by Defendant Uzzle and Defendants' agents.

53. Over the course of employment with Defendants Loop's Nursery and Uzzle during the 2005-2005 season, Plaintiff Wilkerson resided in housing at Uzzle's labor camp in Elkton, Florida, which was promised and provided as a benefit of employment with Defendants, and which was owned or controlled by Defendant Uzzle.

54. Throughout the period during the 2004-2005 season that Plaintiff Wilkerson resided at the housing in Elkton, Florida promised by Defendants, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities were unsanitary, overcrowded and lacked adequate bathroom facilities for the number of occupants, in violation of the AWPA, 29 U.S.C. § 1823(a).

55. In violation of the AWPA, 29 U.S.C. § 1822(c), during the 2004-2005 season, Defendants Loop's Nursery and Uzzle violated their working arrangement with Plaintiff Wilkerson by failing to provide the wages, housing and conditions of gainful employment promised to Plaintiff Wilkerson, as described in Paragraph 46.

56. All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

57. The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the

AWPA, 29 U.S.C. § 1854(c)(1).

58.  As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff Wilkerson has suffered injuries and damages.

## COUNT IV

### (FAIR LABOR STANDARDS ACT)

59.  This count sets forth a claim for damages by Plaintiffs Donald Wilkerson, and Nathaniel Bell (referred to as "Plaintiffs" in this count) for declaratory relief and damages for violations of the minimum wage provisions of the FLSA by Defendants Loop's Nursery and Ronald Uzzle during the these Plaintiffs' employments on the operations of Defendant Loop' Nursery during the 2003-2004 and 2004-2005 nursery seasons.

60.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 5 through 10, and 29, 30, 31, 32, 34, 35, 37, 38, 45, 46, 47, 48, 50, 51, 53 and 54 of this Complaint.

61. At all times relevant to this action, Defendants failed to make, keep and preserve accurate payroll records with respect to these Plaintiffs' labor, as required by the FLSA, 29 U.S.C. § 211, and its attendant regulations.  Among other things, the Defendants failed to maintain records of the withholdings made and credits claimed against the wages of Plaintiffs for advances on wages, interest, rent for substandard housing and on other unidentified grounds by Defendant Uzzle.

62.  The Defendants failed to pay each of these Plaintiffs at least $5.15 for each compensable hour of labor performed during every work week each of these

19

Plaintiffs was employed on the Defendants' operations as of and after March 15, 2004 during the 2003-2004 nursery season, and during the 2004-2005 nursery season.

63. The violations of the FLSA set forth in paragraph 62 resulted in part from the unlawful claims of credits by Defendant Loop's Nursery, by agent Defendant Uzzle, and agents Robert Ervin Ford ("Ford"), and Ronald Eric Young ("Young"), against the wages of Plaintiffs for interest charged on advances on wages. The credits claimed for interest on wage advances were made in violation of law, as well exceeding the actual cost of furnishing the advances.

64. The violations of the FLSA set forth in paragraph 62 resulted in part from the unlawful claims of credits by Defendant Loop's Nursery by its agents, Defendant Uzzle, Ford and Young against the wages of these Plaintiffs for alleged debts. The credits claimed for these alleged debts were made in violation of law, as well as exceeding the actual cost of what, if anything, was furnished.

65. The violations of the FLSA set forth in paragraph 62 resulted in part from the unlawful claims of credits by Defendant Loop's Nursery by its agent, Defendant Uzzle against the wages of these Plaintiffs for food and rent for substandard housing. The credits claimed for food and rent were made in violation of applicable law, as well as exceeding the actual cost of furnishing the food and housing.

66. The violations of the FLSA set forth in paragraph 62 resulted in part from the unlawful claims of credits by Defendant Loop's Nursery by its agents, Defendant

Uzzle, Ford and Young against the wages of Plaintiffs for charges not disclosed at the time of recruitment. The credits claimed for these charges were made in violation of law because undisclosed.

67. The violations of the FLSA set forth in paragraph 62 resulted in part from the unlawful claims of credits by Defendant Loop's Nursery by its agent, Defendant Uzzle, Ford and Young against the wages of these Plaintiffs on unidentified grounds. The credits claimed for these charges were made in violation of law because unidentified.

68. Defendants' violations of the FLSA described in this count were willful, in that the Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

69. As a result of the violations of the FLSA described in this count, Plaintiffs Wilkerson and Bell suffered injury and damages, and each is entitled to recover the amount of unpaid minimum wages due to him and an equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT V

(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)

(2002-2003, 2003–2004 and 2004-2005 Seasons)

70.  This count sets forth a claim by Plaintiffs Donald Wilkerson and Nathaniel Bell (referred to as "Plaintiffs" in this count) for damages and injunctive relief for violations of the RICO, 18 U.S.C. §§ 1961 et seq., by Defendant Ronald Uzzle in their employment during the 2002-2003, 2003–2004 and 2004-2005 nursery seasons.

71.  Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 5-10, and 13, 14, 15, 16,  18, 29, 30, 31, 32, 34, 35, 37, 38,  45, 46, 47, 48, 50, 51, 53 and 54  of this complaint as if set forth fully herein.

72.  Defendant Uzzle together with Robert Ervin Ford, ("Ford"), and Ronald Eric Young, ("Young") knowingly and willfully conducted and participated in an organized and unlawful worker exploitation scheme based on a system of coercion and usurious loan sharking against wages, through which Uzzle, Ford and Young took Plaintiffs' wages for their profit and injured Plaintiffs by depriving them of their liberty and earnings through intimidation and coercion, in violation of 18 U.S.C. § 1962(c).

73.  Defendant Uzzle,  Ford and Young conspired to conduct and participate in a worker exploitation scheme using loan sharking and extortion, which conspiracy

22

injured Plaintiffs by depriving them of their liberty and earnings through intimidation and coercion, in violation of 18 U.S.C. § 1962(d).

74.   In order to conduct and perpetuate their unlawful worker exploitation enterprise, Defendant Uzzle and Ford and Young knowingly and willfully engaged in a pattern of racketeering activity, engaged in collection of unlawful debts and conspired in these acts, in violation of 18 U.S.C.§ 1962 (c) and (d).

75.   Defendant Uzzle, Ford and Young knowingly and willfully committed the following predicate offenses under Section 1961(1)(B) of the RICO, 18 U.S.C. § 1961(1)(B):

a.  Extortion in violation of the extortion and racketeering prohibitions of the Hobbs Act, 18 U.S.C. § 1951; and,

b.  Extortionate extension of credit in violation of the Extortionate Credit Transaction Act, 18 U.S.C. §§ 891 et seq..

76.   Defendant Uzzle, Ford and Young subjected Plaintiffs Wilkerson and Bell to extortion by wrongfully using threats or violence to induce these Plaintiffs to abandon their property rights to their wages guaranteed by law.  By routinely on the weekly payday threatening the Plaintiffs and other workers with threats of force and physical harm if they did not turn over their wages for the debts Defendant Uzzle, Ford and Young claimed owed,  Defendant Uzzle and agents Ford and Young knowingly and willfully engaged in extortion and racketeering activity, attempting to affect or affecting interstate commerce, in violation of 18 U.S.C. § 1951.

77.  By making advances of wages on credit against the earnings and labor of Plaintiffs Wilkerson and Bell, and by making implicit and explicit threats of violence against these Plaintiffs if repayment was not made, Defendant Uzzle, Ford and Young intentionally extended credit to Plaintiffs, with a mutual understanding that the Plaintiffs' failure to repay the loans could result in violence or other criminal action.  By use of express and implicit threats of violence and use of violence against Plaintiffs to induce their repayments of the extension of credit, Defendant Uzzle, Ford and Young knowingly and willfully engaged in extortionate credit transactions with Plaintiffs, in violation of  § 892 of the Extortionate Credit Transaction Act, 18 U.S.C.§§ 891 et seq.

78.  In violation of the RICO, 18 U.S.C. § 1962 (c), during the employment of Plaintiffs Wilkerson and Bell, Defendant Uzzle, Ford and Young knowingly and willfully repeatedly engaged in collection of unlawful debts, by lending money as wage advances to these Plaintiffs and other workers throughout each pay period, then, on each pay day, imposing excessive illegal interest charges, routinely of 100%, on the debt created against wages.  The charges imposed by Defendant Uzzle, Ford and Young on Plaintiffs' wages constitute collection of unlawful debts, in violation of applicable federal and state laws. Under Florida law, the debts Defendant Uzzle, Ford and Young collected from the earnings of Plaintiffs were unlawful and violated state or federal law including because their means of collection were extortionate, and because the interest rates Defendant Uzzle, Ford

and Young willfully and knowingly charged were usurious, in excess of 45 percent, and violated Florida Statutes § 687.071 (3) and (4).

79.  Defendant Uzzle, Ford and Young are an association, and a group of individuals associated in fact, and thus are an enterprise within the meaning of the RICO, 18 U.S.C. § 1961(4).

80.  Defendant Uzzle, Ford and Young formed ongoing associations for the purpose of executing their worker exploitation scheme and for the purpose of engaging in the racketeering acts of loan sharking, usury, extortion and collection of unlawful debts.

81.  The associations of Defendant Uzzle, Ford and Young were essential to the conduct of their worker exploitation scheme.

82.  Defendant Uzzle, along with Ford and Young, operated and managed the worker exploitation scheme for the enterprise, in which they had interests and in which they participated through a pattern of racketeering activity and collection of unlawful debts.

83.  The enterprise of Defendant Uzzle, Ford and Young regularly moved people and goods across state lines and was engaged in activities affecting interstate commerce.

84.  The predicate acts of racketeering activity described above constitute a pattern of racketeering activity, as defined in the RICO, 18 U.S.C. § 1961(5), in that Defendant Uzzle, Ford and Young repeatedly committed the predicate acts of

25

extortion and racketeering against the Plaintiffs, as well as other workers, as their standard operating procedure in their work exploitation scheme from at least 2003 to 2005.

85.   The incidents of racketeering activity described above are interrelated in the following ways.  The incidents had common participants, (Defendant Uzzle, Ford and Young), and common victims (Plaintiffs Wilkerson, Bell and other farmworkers).  They had the same purpose and result of economically benefiting Defendant Uzzle, Ford and Young at the expense of the Plaintiffs and other farmworkers.  Finally they were interrelated, in that without the predicate acts of extortion, violence, and intimidation, paired with the use of the loan sharking and usurious interest charges, Defendant Uzzle and Defendants' agents would not have successfully exploited Plaintiffs out of their rights to wages for their labor.

86.   Since at least 2003 through 2005, these acts of racketeering activity and collection of unlawful debts described above have been a regular part of the operating procedure of the enterprise of Defendant Uzzle, Ford and Young, and therefore imply a threat of continued racketeering activity

87.   As a result of the actions of Defendant Uzzle and Defendants' agents in violation of the RICO, 18 U.S.C. § 1962 (c) and (d), Plaintiffs Wilkerson and Bell have suffered injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

a.   Declaring that Defendants Loop's Nursery and Ronald Uzzle have
     intentionally violated the AWPA and its attendant regulations, as set
     forth in Count I;

b.   Granting judgment in favor of Plaintiffs Nathaniel Bell, Andrew King,
     and Ryan Smith against Defendants Loop's Nursery, and in favor of
     Plaintiff Bell only against Defendant Loop's Nursery and Ronald Uzzle
     jointly and severally, on these Plaintiffs' claims under the AWPA and
     its attendant regulations as set forth in Count I and awarding each of
     these Plaintiffs his actual damages, or statutory damages of $500,
     whichever is greater, (including pre-judgment and post-judgment
     interest) for each violation of the AWPA and its attendant regulations
     set forth in Count I;

c.   Declaring that Defendants Loop's Nursery and Ronald Uzzle have
     intentionally violated the AWPA and its attendant regulations, as set
     forth in Count II;

d.   Granting judgment in favor of Plaintiffs Nathaniel Bell, Charles Calicutt
     and Andrew King against Defendant Loop's Nursery, and for Plaintiff
     Bell only against Defendant Loop's Nursery and Ronald Uzzle jointly
     and severally, on these Plaintiffs' claims under the AWPA and its
     attendant regulations against them as set forth in Count II,  and

awarding each of these Plaintiffs his actual damages, or statutory damages of $500, whichever is greater, (including pre-judgment and post-judgment interest) for each violation of the AWPA and its attendant regulations set forth in Count II;

e. Declaring that Defendants Loop's Nursery and Ronald Uzzle have intentionally violated the AWPA and its attendant regulations, as set forth in Count III;

f. Granting judgment in favor of Plaintiff Donald Wilkerson against Defendants Loop's Nursery and Ronald Uzzle jointly and severally, on this Plaintiffs' claims under the AWPA and its attendant regulations against them as set forth in Count III, and awarding Plaintiff Wilkerson his actual damages, or statutory damages of $500, whichever is greater, (including pre-judgment and post-judgment interest) for each violation of the AWPA and its attendant regulations set forth in Count III;

i. Declaring that Defendants Loop's Nursery and Ronald Uzzle have intentionally and willfully violated the FLSA as set forth in Count IV;

j. Granting judgment in favor of Plaintiffs Wilkerson and Bell against Defendants Loop's Nursery and Ronald Uzzle, jointly and severally, on these Plaintiffs' claims under the FLSA as set forth in Count IV and awarding each of these Plaintiffs his unpaid minimum wages as well as an equal amount in liquidated damages;

28

k.   Declaring that Defendant Uzzle has knowingly and willfully violated the RICO as set forth in Count V;

l.   Granting judgment in favor of Plaintiffs Wilkerson and Bell against Defendant Uzzle on the claims brought under the RICO as set forth in Count V and awarding each of these Plaintiffs treble damages;

m.   Permanently enjoining the Defendants from further violations of the AWPA; FLSA and RICO as alleged herein;

n.   Awarding the Plaintiffs the costs of this action; and,

o.   Granting such further relief as this Court deems just and equitable.


Respectfully submitted,


Lisa Butler
Florida Bar Number 0125474
Florida Rural Legal Services, Inc.
Post Office Box 219
3210 Cleveland Avenue
Fort Myers, Florida 33902
(239) 334-4554 (telephone)
(239)334-3042 (facsimile)
lisa.butler@frls.org

Attorney for Plaintiffs Donald Wilkerson,
Nathaniel Bell,  Andrew King, Ryan Smith
and Charles Calicutt
Trial Counsel


29